# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4240 | DATE | 5/1/2001 |
| CASE TITLE | SEC vs. System Software, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motions to dismiss the claims (11-1).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 0 2 2001 date docketed | 22 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 MAY -1 PM 4: 38 | 5/1/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>SYSTEM SOFTWARE ASSOCIATES, INC., ROGER COVEY, AND JOSEPH SKADRA,<br><br>        Defendants. | No. 00 C 4240 |

## MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission ("SEC") accuses Mr. Covey and Mr. Skadra, respectively the CEO and CFO of System Software Associates, Inc. ("SSA"), of violations of the federal securities laws. The claims against Mr. Covey and Mr. Skadra arise out of their role in SSA's recognition of $58 million in revenue from contracts for software that was not completely developed and did not function properly. The defendants[1] move to dismiss the claims against them, and their motion is denied.

I.

The SEC alleges that, between 1994 and 1996, the defendants submitted financial statements to the SEC that improperly recognized revenue from software contracts. The contracts were for an existing version of SSA's AS/400 software, and they contained

---

[1] The SEC and SSA entered into a consent judgment, so Mr. Covey and Mr. Skadra are the only remaining defendants.



clauses that promised replacement UNIX software "when and if" it became available. The SEC claims that the defendants were "playing a 'contract game'" -- writing the contracts for AS/400 software even though the customers understood that they were purchasing the forthcoming UNIX software. SSA provided "early release" versions of the UNIX software to several customers in 1994 and 1995. It received several complaints that the software was not functioning properly, and one customer sued for rescission of the contract. The defendants were aware of the problems, but despite the complaints, they signed and submitted financial statements to the SEC recognizing revenue from these contracts.

Under Generally Accepted Accounting Principles ("GAAP") Statement of Position 91-1 ("SOP 91-1"), revenue from software sales should not be recognized if, after delivery, there is significant uncertainty about customer acceptance of the software. The SEC alleges that, in light of all of the customer complaints about the software, there was significant uncertainty about its acceptance and the revenue should not have been recognized. Because the contracts ultimately fell through and SSA did not realize income from them, it reversed much of the revenue previously recognized under the contracts in 1997 and its stock price plummeted. The SEC alleges that the recognition of revenue from the contracts constitutes securities fraud under Rule 10b-5 (17 C.F.R. § 240.10b-5, promulgated under § 10(b) of the 1934

Securities Exchange Act, 15 U.S.C. § 78j(b)) and § 17(a) of the 1933 Securities Act (15 U.S.C. § 77q(a)) (Claim I). It also alleges that the defendants violated §§ 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the 1934 Act (15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)) and rules thereunder (Claims III, IV and V).[2]

II.

On a motion to dismiss, I accept all well-pleaded factual allegations in the complaint as true and draw all inferences in favor of the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Dismissal is only appropriate where it appears beyond doubt that the plaintiff can prove no set of facts to support its claim. *Id.* To state a claim under Rule 10b-5, the SEC must allege that the defendants (1) made a misstatement or omission (2) of material fact (3) with scienter (4) in connection with the purchase or sale of securities. *See In re Healthcare Compare Corp. Secs. Litig.*, 75 F.3d 276, 280 (7th Cir. 1996). A violation of § 17(a)(1) also requires proof of scienter, but a violation of § 17(a)(2) or (3) does not. *Aaron v. Securities & Exch. Comm'n*, 446 U.S. 680, 697 (1980). Reckless disregard of the truth constitutes "scienter." *Securities & Exch. Comm'n v. Jakubowski*, 150 F.3d 675, 681 (7th Cir. 1998). In the context of securities fraud, recklessness is

> a highly unreasonable omission, involving not merely simple,

---

[2] Claim II alleges violations by SSA only.

3

or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.

*Sunstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033, 1045 (7th Cir. 1977).

Allegations of securities fraud must also comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Healthcare*, 75 F.3d at 281. Although state of mind may be pleaded generally under Rule 9(b), the complaint must provide a sufficient factual basis for finding scienter. *Id.* The circumstances of fraud must be plead with "particularity;" that is, the complaint must allege the "who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young*, 90 F.2d 624, 627 (7th Cir. 1990).

A.

The defendants argue that the SEC has failed to adequately allege scienter because it does not demonstrate that the recognition of revenue was reckless. They argue that the revenue reported was from contracts that specified the older AS/400 software, and contained promises to provide UNIX software products only "when and if" they became available. But the complaint alleges that most of the customers believed that the contracts were for the forthcoming UNIX software, not the AS/400 software, and that both defendants knew this. The SEC alleges that the defendants were aware of serious problems with the development of

4

the UNIX software that made it uncertain that customers would accept it and pay on the contracts and that recognition of revenue under these circumstances violated GAAP SOP 91-1.

A financial statement that recognizes revenue and does not conform to the requirements of GAAP is presumptively a false or misleading statement of material fact under Rule 10b-5, *Chu v. Sabratek Corp.*, 100 F. Supp.2d 815, 820 (N.D. Ill. 2000) (*Chu I*), but standing alone, it is not enough to establish scienter, *Chu v. Sabratek Corp.*, 100 F. Supp.2d 827, 838 (N.D. Ill. 2000) (*Chu II*). The complaint must also show facts that support the inference that the defendants "recklessly disregarded the deviance [from GAAP] or acted with gross indifference to the misrepresentations in its financial statements." *Id.* Relevant facts are the magnitude of the accounting error, whether the defendants had prior notice of the error, and whether the defendants played any role in calculating and disseminating the financial statement. *Id.* Here the SEC has alleged that the defendants signed the financial statements, that they were aware of serious customer complaints about the new software, and that they were trying to hold off lawsuits from a number of customers. These allegations satisfy the pleading requirements applicable here.

The defendants also argue that the SEC has failed to allege any motive for them to improperly recognize revenues. Allegations of motive may be necessary where there are no allegations of

knowledge. *DiLeo*, 901 F.2d at 629. But because the SEC has alleged that there were problems with the software that the defendants knew about, no showing of motive is necessary.

B.

The defendants argue that the complaint does not plead fraud with adequate particularity because it fails to describe how the revenue recognition was fraudulent and who specifically committed the fraudulent acts. The alleged fraud is the filing of quarterly and annual revenue statements, in violation of GAAP principles, in which the reported income from software contracts was unlikely ever to be realized. Skadra signed quarterly and annual statements, and Covey signed SSA's 1994 annual form. The complaint identifies eight separate revenue statements with the month, year, and the amount of revenue reported. The SEC has adequately plead the who, what, when, and how of the alleged fraud.

C.

Finally, the defendants argue that Claims III, IV and IV should be dismissed because the SEC has failed to plead facts to support them. Scienter (i.e., fraudulent intent) is not required to prove a violation of § 13 of the 1934 Act, *Securities & Exch. Comm'n v. McNulty*, 137 F.3d 732, 740-41 (7th Cir. 1998), so the heightened pleading requirement of Rule 9(b) does not apply. Under standard rules of federal pleading, a complaint need only give notice of the claim; the plaintiff does not have to match factual

6

allegations to each element of the cause of action. *Bennett v. Schmidt*, 153 F.3d 516, 517 (7th Cir. 1998). The allegations in Claims III, IV and V identify the actions of the defendants which are alleged to violate § 13 of the 1934 Act; this is all that is required. The defendants' motion to dismiss is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: May 1, 2001

Copies have been mailed to:

Thomas W. Szromba
Securities and Exchange Commission
500 W. Madison Street, Ste. 1400
Chicago, IL 60661-2511

John L. Hunter
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549-0808

Attorneys for Plaintiff

William P. Schuman
McDermott, Will & Emery
227 W. Monroe Street
Chicago, IL 60606-5096

Attorney for Defendants