# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4240 | **DATE** | 10/3/2002 |
| **CASE TITLE** | SEC vs. System Software Associates, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Consent of defendant Joseph Skadra, defendant shall pay disgorgement of $170,269, representing bonuses received as a result of the conduct alleged in the complaint, plus interest thereon of $119,597.70. Based on defendant's sworn financial statement furnished to the SEC, payment of this disgorgement and prejudgment interest obligation is waived. Enter Final Judgment against defendant Joseph Skadra. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 11/28/03 and trial set for 1/23/04 are vacated. This case is hereby terminated.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 02 OCT -3 PM 5:14 | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 00 C 4240 |
| SYSTEM SOFTWARE ASSOCIATES, INC., ROGER COVEY and JOSEPH SKADRA, | : | (Judge Elaine E. Bucklo) |
| Defendants. | : | |

**DOCKETED OCT 04 2002**

## FINAL JUDGMENT AGAINST DEFENDANT JOSEPH SKADRA

Defendant Joseph Skadra ("Defendant") having (i) entered a general appearance; (ii) consented to the Court's jurisdiction over Defendant and the subject matter of this action; (iii) withdrawn the answer he filed in this action; (iv) without admitting or denying the allegations of the Complaint, consented to entry of this Judgment without further notice, which consent is incorporated herein by reference; (iv) waived findings of fact and conclusions of law; and (v) waived any right to appeal from this Judgment, it is now hereby **ORDERED, ADJUDGED AND DECREED** as follows.

### I.

Defendant and Defendant's officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from violating Section 17(a)(2) and 17(a)(3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2) and (3)] by, in the offer or sale of any securities, using any means or

instruments of transportation or communication in interstate commerce, or using the mails,

41

directly or indirectly to:

(1) obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(2) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

## II.

Defendant and Defendant's officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from violating Sections 13(a), 13(b)(2)(A) and (B), and 13(b)(5) of the Exchange Act [15 U.S.C. §§78m(a), 78m(b)(2)(A) and (B), and 78m(b)(5)] and Rules 13a-1, 13a-13, 13b2-1, 13b2-2 and 12b-20 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13, 240.13b2-1, 240.13b2-2 and 240.12b-20] by directly or indirectly, or by aiding and abetting,

(1) filing or causing to be filed with the Securities and Exchange Commission ("SEC") any quarterly or annual report, or any Form 8-K, on behalf of any issuer pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, which:

(a) contains any untrue statement of material fact;

(b) omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

(c) omits to disclose any information required to be disclosed;

(d) fails to contain information required to be contained in such report or form; or

(e) otherwise fails to comply in any material respect with the requirements of Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder;

(2) failing to:

(a) make and keep accurate books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(i) transactions are executed in accordance with management's general or specific authorization;

(ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets;

(iii) access to assets is permitted only in accordance with management's general or specific authorization; and

(iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences;

(3) falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act;

(4) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or

(5) as a director or officer of an issuer of securities registered pursuant to Section 12 of the Exchange Act, making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with:

-3-

(a) any audit or examination of the financial statement of the issuer required to be made pursuant to Exchange Act Regulation 13A; or

(b) the preparation or filing of any document or report required to be filed with the SEC pursuant to Exchange Act Regulation 13A or otherwise.

### III.

Defendant shall pay disgorgement of $170,269, representing bonuses received as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon of $119,597.70. Based on Defendant's sworn financial statement furnished to the SEC, payment of this disgorgement and prejudgment interest obligation is waived. However, if it shall appear that such financial statement was false or incomplete in any material respect when made, Defendant shall, on application by the SEC, be ordered to pay the full amount of disgorgement and prejudgment interest specified above.

### IV.

Based on Defendant's demonstrated inability to pay, as shown by a sworn financial statement furnished to the SEC, the Court is not directing Defendant to pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. However, if it shall appear that such financial statement was false or incomplete in any material respect when made, Defendant shall, on application by the SEC, be ordered to pay a penalty in an amount to be set by the Court.

There being no just reason for delay, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 10/3, 2002

_____
ELAINE E. BUCKLO
UNITED STATES DISTRICT JUDGE